UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| NABIL KADDAH, | : |
|     Petitioner, | : |
| | :     PRISONER |
| v. | :     Case No. 3:08cv519 (SRU) |
| | : |
| CHARLES LEE, | : |
|     Respondent. | : |

**RULING ON RESPONDENT'S MOTION TO DISMISS**

Petitioner Nabil Kaddah, currently confined at the Cheshire Correctional Institution in Cheshire, Connecticut, brings this habeas corpus action pursuant to 28 U.S.C. § 2254, to challenge his conviction for murder, attempted murder and unlawful restraint on the grounds of ineffective assistance of trial and appellate counsel. The respondent moves to dismiss the petition because Kaddah did not exhaust his state court remedies on either ground for relief. For the reasons that follow, the petition is dismissed without prejudice.

I. **Background**

Kaddah was found guilty, after a jury trial, on charges of murder of one woman and attempted murder and unlawful restraint of a second woman. He was sentenced to a total effective term of imprisonment of seventy-five years. On direct appeal, Kaddah raised two issues unrelated to the grounds for relief in this action. The Connecticut Supreme Court affirmed his conviction. *See State v. Kaddah*, 250 Conn. 563, 564-65 (1999).

On August 28, 2000, Kaddah filed a federal petition for writ of habeas corpus. The petition was dismissed without prejudice because Kaddah had not exhausted his state remedies on any ground for relief. *See Kaddah v. Strange*, No. 3:00cv1642 (CFD), 2001 WL 91602 (D.

Conn. Jan.18, 2001). Following the dismissal of the federal habeas action, Kaddah filed a petition for writ of habeas corpus in state court, *Kaddah v. Warden*, No. CV 01-0807618-S. In his amended petition he raised two grounds for relief, ineffective assistance of trial and appellate counsel, the same grounds raised in this action. *See* Am. Pet., Resp't's Mem. App. H.[1]

Following a hearing, the state court denied the petition. *See* Tr., Resp't's Mem. App. I, at 32-37. The state court denied certification to appeal. Kaddah appealed the denial of certification. Before the Connecticut Appellate Court issued a decision, Kaddah withdrew his appeal. *See* Case Detail, Resp't's Mem. App. G; *Kaddah v. Commissioner of Correction*, 105 Conn. App. 430, 434 (2008).

While his petition for certification to appeal the denial of his first state habeas petition was pending, Kaddah filed a second state habeas petition. The only issue raised in the second petition was ineffective assistance of counsel in the first state habeas action. *See* Resp't's Mem. App. L. Following a hearing, the state court denied the second habeas petition. *See* Tr., Resp't's Mem. App. M, at 59-65. The state court also denied Kaddah's petition for certification to appeal. *See* Case Detail, Resp't's Mem. App. K. Kaddah appealed the denial of certification. The Connecticut Appellate Court affirmed the denial and the Connecticut Supreme Court denied certification. *Kaddah v. Commissioner of Correction*, 105 Conn. 430, *cert. denied*, 286 Conn. 903 (2008). Kaddah commenced this action by petition dated March 14, 2008.

---

[1] I take judicial notice of the state court documents attached to respondents' memorandum. *See Liberty Mutual Ins. Co. v. Rotches Pork Packers, Inc.*, 969 F.2d 1384, 1388 (2d Cir. 1992) (noting that court may take judicial notice of the actions taken in related proceedings "to establish the fact of such litigation and related filings").

II. Discussion

A prerequisite to habeas corpus relief under 28 U.S.C. § 2254 is the exhaustion of available state remedies. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b)(1)(A). The Second Circuit requires the district court to conduct a two-part inquiry. First, a petitioner must present the factual and legal bases of his federal claim to the highest state court capable of reviewing it. Second, he must have utilized all available means to secure appellate review of his claims. *See Galdamez v. Keane*, 394 F.3d 68, 73-74 (2d Cir.), *cert. denied*, 544 U.S. 1025 (2005). Where a petitioner procedurally defaults his claims, for example, by failing to timely file an appeal, the federal court will not review the claims unless the petitioner can demonstrate cause for the default and prejudice resulting therefrom, or show that failure to consider the claims will result in a miscarriage of justice because he actually is innocent. *See Dretke v. Haley*, 541 U.S. 386, 388 (2004).

Kaddah asserts two grounds for relief in this petition, ineffective assistance of trial and appellate counsel. He included those grounds in his first state habeas petition, but withdrew the petition before the Connecticut Appellate Court could rule on his appeal. Thus, he has not afforded any state appellate court the opportunity to address his present claims. In his petition, Kaddah states that he raised his claims in his second state habeas action. That is incorrect. The only ground raised in the second state habeas petition was ineffective assistance of habeas counsel. Resp't's Mem. App. L. Accordingly, respondent's motion to dismiss is granted because Kaddah has not exhausted his state court remedies on either ground for relief.

Currently, there is a one-year limitations period for filing a petition for writ of habeas corpus in federal court to challenge a judgment of conviction imposed by a state court. The

3

limitations period commences when the conviction becomes final and is tolled while a properly filed application for post-conviction relief is pending in state court. 28 U.S.C. § 2244(d). Kaddah's conviction became final on December 6, 1999, at the conclusion of the time during which he could have filed a petition for certiorari to the United States Supreme Court from the Connecticut Supreme Court's decision affirming his conviction. *See Williams v. Artuz*, 237 F.3d 147, 151 (2d Cir.) (direct appeal included time within which petitioner could have, but did not, file petition for certiorari), *cert. denied*, 534 U.S. 924 (2001). He did not file his first state habeas action until May 1, 2001, seemingly after the limitations period expired.[2] *See* Resp't's Mem. App. G.

Where the limitations period has expired, the federal court will review the merits of a habeas petition only if the petitioner can show that the limitations period should be equitably tolled. Equitable tolling may be applied only in extraordinary and rare circumstances and requires petitioner "to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." *Valverde v. Stinson*, 224 F.3d 129, 134 (2d

---

[2] Some federal habeas petitions are mixed petitions, *i.e.*, they contain both exhausted and unexhausted claims. In light of the limitations period for filing a federal habeas action, the Second Circuit has directed the district court not to dismiss a mixed petition if an outright dismissal would preclude petitioner from having all of his claims addressed by the federal court. *See Zarvela v. Artuz*, 254 F.3d 374, 380-83 (2d Cir. 2001) (recommending that the district court stay exhausted claims and dismiss unexhausted claims with direction to timely complete the exhaustion process and return to federal court). Kaddah's petition contains only unexhausted claims. Thus, it is not a mixed petition and must be dismissed. In addition, the Second Circuit's holding applies only where the mixed petition was timely filed. As discussed, that determination cannot be made on the current record.

Cir. 2000). After he exhausts his state court remedies, Kaddah may file another federal habeas action, but he should be prepared to show that the limitations period should be equitably tolled.

III. Conclusion

Respondent's motion to dismiss [**doc. #9**] is **GRANTED**. The petition is **DISMISSED** without prejudice for failure to exhaust state court remedies. Jurists of reason would not find it debatable that Kaddah failed to exhaust his state court remedies. Thus, a certificate of appealability will not issue. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (holding that, when the district court denies a habeas petition on procedural grounds, a certificate of appealability should issue if jurists of reason would find debatable the correctness of the district court's ruling).

The Clerk is directed to enter judgement and close this case.

**SO ORDERED** at Bridgeport, Connecticut this 7th day of October 2008.

/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge